IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**KEITH EDWARD ASHLOCK**                              **PLAINTIFF**

v.                              Civil No.: 6:10-cv-06089

**SHERIFF LARRY SANDERS** *et al.*                      **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Keith Edward Ashlock, an inmate of the Eastern Arkansas Regional Unit of the Arkansas Department of Correction in Brickeys, Arkansas, filed this civil rights action under 42 U.S.C. § 1983. This case is before the undersigned for consideration of Defendants' Motion for Summary Judgment, ECF No. 15, on consent of the parties. ECF No. 13.

### I.    Background

As this case is before the Court on Defendants' Motion for Summary Judgment, the Court will recite the facts as pled by the non-moving party, the Plaintiff. Upon inquiry from the Court as to whether Plaintiff would prefer the assistance of the Court in responding to the Motion for Summary Judgment, or if he would respond on his own, Plaintiff notified the Court he would file his own response. ECF No. 23. Plaintiff has filed three documents which the Court will construe as his response to the Defendants' Motion for Summary Judgment: the Motion of Course, ECF No. 27; the Response to the Motion and Brief in Support, ECF No. 28; and Plaintiff's Affidavit, ECF No. 29.

Plaintiff brought this action against the Defendants alleging he was subject to unconstitutional conditions of confinement while housed in the Garland County Detention Center. ECF No. 1. Specifically, Plaintiff alleges he was housed in a two-man cell, which was overcrowded to three, or sometimes four individuals. *Id.* Plaintiff was forced to sleep on the floor, which had sewer water

leaking onto it from the toilet. *Id.* While the jail furnished "water blankets" to curb the flow of sewer water, this remedy was ineffective. *Id.* Plaintiff further states at times he would get up at night to a wet mattress and have to clean up the water. *Id.* Plaintiff also states he would have to "wring out" waste water, which included human urine and feces, from his mattress. ECF No. 29.

Plaintiff states that cleaning supplies were not available on a daily basis, and that he had to "beg" to obtain them. *Id.*; ECF No. 1. Moreover, when provided, Plaintiff states the cleaning supplies were "just water." ECF No. 1. As a result, there was black mold growing in the showers and Plaintiff suffered a "fungus growing on [his] skin." *Id.* Additionally, Plaintiff states there was no hot water and there was no way of washing and sanitizing his hands on a daily basis. *Id.*

Plaintiff also alleges there was an exposed power cord which some inmates would spark to light cigarettes, which was a fire hazzard, and although the guards knew of the inmates using the power cord to light cigarettes, they never repaired the cord. *Id.* Moreover, the cigarette smoke resulted in harm to his lungs. ECF No. 29. Plaintiff also states he had no cup, T.B. lights, or emergency call system available to him. ECF No. 1. As for safety checks, Plaintiff alleges his safety was checked at most four times in a twenty-four hour period. ECF No. 29. Plaintiff also asserts that he filed grievances regarding these matters, however, grievances were not responded to by the detention center officials. ECF No. 1; ECF No. 29.

Plaintiff has named as Defendants Sheriff Larry Sanders, Captain Mel Steed, Lt. R. Radley, and Sgt. Donald Ansley. ECF No. 1. Plaintiff claims all of the officers of the Garland County Detention Center were aware of the unconstitutional conditions, but did nothing to correct the problems. *Id.*

## II. <u>Applicable Law</u>

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56 (c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir. 1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## III. <u>Discussion</u>

### A. <u>Official Capacity Claims</u>

Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. In *Gorman v. Bartch*, 152 F.3d 907 (8th Cir. 1998), the Eighth Circuit discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* at 24-27. Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* at 25-27.

*Gorman*, 152 F.3d at 914.

A review of the Complaint in this case shows that Plaintiff did not specifically plead whether he was suing the Defendants in their personal or official capacities. ECF No. 1. The Eighth Circuit

has consistently advised plaintiffs to specifically plead whether government agents are being sued in their official or individual capacities to ensure prompt notice of potential personal liability. *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989); *see also Andrus v. Arkansas*, 197 F.3d 953 (8th Cir. 1999) (holding that in actions against officers, specific pleading of individual capacity is required to put public officials on notice that they will be exposed to personal liability). When the plaintiff fails to state whether he is suing an official in his individual capacity, the Eighth Circuit has construed the claim to be against the official in his official capacity only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Egerdahl v. Hibbing Comm. College*, 72 F.3d 615, 620 (8th Cir. 1995)("*Nix* requires that a plaintiff's complaint contain a clear statement of her wish to sue defendants in their personal capacities. Neither a cryptic hint in a plaintiff's complaint nor a statement made in response to a motion to dismiss is sufficient").

However, this Court also has an obligation to liberally construe a *pro se* complaint. *Haines v. Krener*, 404 U.S. 519 (1972); *see also White v. Wyrick*, 530 F.2d 818, 819 (8th Cir. 1976) (finding a pro se petition should be "interpreted liberally and . . . should be construed to encompass any allegation stating federal relief"). In so doing, this Court must keep in mind that the plaintiff is without legal expertise and he prepared his own pleading. *Bracken v. Dormire*, 247 F.3d 699, 704 (8th Cir. 2001). Moreover, the Court also notes that Defendants have moved for Summary Judgment as if Plaintiff stated both official and individual capacity claims. ECF No. 16. The undersigned will therefore construe the Complaint as asserting both official and individual capacity claims against the Defendants.

Plaintiff's official capacity claims are tantamount to suing Garland County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell*, 436 U.S. at 690-91.

Plaintiff in this case has made several allegations related to the conditions of confinement at the Garland County Detention Center. Specifically he has alleged that there were the following unconstitutional policies or practices in Garland County: overcrowding, sleeping on the floor, denial of adequate cleaning supplies, denial of hot water, denial of a drinking cup, lack of TB lights in the facility, lack of an emergency call system in the facility, inadequate safety checks, and denial of responses to grievances.

Of these various policies, Plaintiff has only claimed he was harmed by the denial of adequate cleaning supplies, which he alleges resulted in a rash all over his body. *See Briley v. Morgan*, 2010 WL 2884902 (E.D. Ark. 2010) (holding claims should be dismissed where plaintiff described no real harm as a result of the conditions). However, in addition to showing the existence of a custom or policy, a plaintiff must show a direct causal link, indicating that the policy or custom is "the moving force [behind] the constitutional violation," *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999) (*citing Monell*, 436 U.S. at 694). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

Plaintiff has produced no evidence, in the form of medical records or otherwise, to establish that not only did he have a rash during his confinement in the Garland County Detention Center, but that the policy, assuming for the purposes of summary judgment that it exists, of providing inadequate cleaning supplies to the inmates, was the cause of any such rash. Therefore, Defendants' Motion for Summary Judgment should be granted regarding Plaintiff's claims against the Defendants in their official capacities.

### B. Individual Capacity Claims

Plaintiff's individual capacity claims regarding unconstitutional conditions of confinement must also be dismissed. To prevail on such a claim, inmates and pre-trial detainees must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' or detainees' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed. Appx. 906 (8th Cir. 2002) (unpub. per curiam).

Certainly, the conditions described by Plaintiff are deplorable. The Court also notes these are not the first allegations of similar conditions at the Garland County Detention Center. However, even assuming the conditions meet the standard of being sufficiently serious, Plaintiff has not demonstrated that the named Defendants were deliberately indifferent. In fact, Plaintiff's Complaint and various responses to the Motion for Summary Judgment are completely absent of any allegations linking the named Defendants to any action or inaction. After Plaintiff listed the named Defendants in the portion of the Complaint form asking for the names of such a party, the remainder of the pleading is without any other reference to these individuals. Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. *Griffin–El v. MCI Telecommunications*

*Corp., et al.*, 835 F. Supp. 1114, 1118 (E.D. Mo. 1993). Plaintiff has failed to specify the unconstitutional action of any of the Defendants and his Complaint against the Defendants in their individual capacities is dismissed.

### IV.     Conclusion

Accordingly, for the forgoing reasons, the Motion for Summary Judgment, ECF No. 15, is **GRANTED** in its entirety and the Complaint, ECF No. 1, is **DISMISSED** with prejudice. A judgment consistent with this Order will be entered.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel, ECF No. 26, and Motion of Course, ECF No. 27, are **DENIED**.

**IT IS SO ORDERED** this **8th day of August 2011.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE